UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONTAYVEUS THOMAS

                Plaintiff,

    v.

CITY OF NEW YORK,
POLICE OFFICERS JOHN DOE #1-4

              Defendants.
----------------------------------------------------------X

Civ. Index No.: 26-CV-4942

**COMPLAINT**

Plaintiff Demands Trial by Jury

Plaintiff, DONTAYVEUS THOMAS, by and through his attorney, Alexis Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-4, upon information and belief, alleges the following:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, DONTAYVEUS THOMAS, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

1

**JURY TRIAL DEMANDED**

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5.      Plaintiff DONTAYVEUS THOMAS is a citizen of full age and a resident of Kings County, State of New York.

6.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York which maintains its primary place of business within the Southern District of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7.      Defendant POLICE OFFICERS JOHN DOE #1-4 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-4 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

**STATEMENT OF FACTS**

8. On or about March 31, 2024, at approximately 9:00 P.M., in the vicinity of Atlantic Avenue between Bedford and Nostrand Avenue, in front of the Brooklyn Hotel, plaintiff DONTAYVEUS THOMAS was seated behind the wheel of a legally parked vehicle when the defendants POLICE OFFICERS JOHN DOE #1-4 approached the vehicle.

9. Defendant POLICE OFFICER JOHN DOE #1 opened the drivers side door of the vehicle and grabbed plaintiff, pulling him out of the car.

10. As Defendant POLICE OFFICER JOHN DOE #1 pulled on plaintiff, POLICE OFFICER JOHN DOE #2, entered the vehicle through the passenger side and struck plaintiff's hands after he grabbed ahold of the steering wheel.

11. Once plaintiff was removed from the vehicle, POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 slammed him to the ground.

12. Defendants POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3 proceeded to kick and punch plaintiff about the head and body.

13. Plaintiff was eventually placed in handcuffs and placed inside of a police vehicle.

14. Plaintiff was then transported to the 79th Precinct.

15. At the 79th Precinct, plaintiff was subjected to additional kicks and punches by the defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 while he was being placed in a holding cell.

16. Plaintiff was taken to Interfaith Hospital on the night of his arrest and diagnosed with a fractured arm and a laceration on his left hand that required stitches.

17. His arm was placed in a cast that remained for two months afterwards.

3

18.     He has a permanent scar on his left hand from the stitches.

19.     On the night of his arrest, plaintiff was charged with Criminal Possession of a Controlled Substance.

20.     That charge was eventually dismissed.

21.     At no time during the events described above did plaintiff commit any act for which the use of force deployed by the defendant officers would have been a reasonable response.

22.     At no time during the events described above did the defendant officers have probable cause or any other reason to believe that the force deployed against plaintiff was reasonable.

23.     At no time during the events described above did plaintiff commit any act for which he could be lawfully arrested.

24.     At no time during the events described above did the defendant officers have probable cause to arrest plaintiff.

25.     As a result of the illegal and unreasonable use of force and arrest power by the defendant police officers, plaintiff did suffer serious injury, including but not limited to the injuries described above and the violation of his constitutional rights.

### AS FOR A FIRST CAUSE OF ACTION
*False Arrest as against all defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

26.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27.     At all times during the events described above defendants lacked probable cause to arrest plaintiff.

28.    Each of the aforementioned acts of the defendant Police Officers were carried out under the color of state law.

29.    All the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.    The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

31.    At all times relevant to this Complaint, each of the defendants had a constitutional obligation to intervene and put a stop to the abuse of arrest power by their colleagues.

32.    At all times relevant to this Complaint, each of the defendants had an opportunity to intervene and put a stop to plaintiff's illegal detention and each of the defendants failed to do so.

33.    The acts and omissions complained of resulted in plaintiff's unlawful loss of liberty.

34.    The acts and omissions complained of deprived plaintiff of his right to be free from false arrest.

### AS FOR A SECOND CAUSE OF ACTION
*Excessive Force as against all defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

35.    Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

36.    At all times during the events described above the defendant police officers lacked probable cause to use force against plaintiff.

37.    All of the aforementioned acts of defendants were carried out under the color of state law.

5

38.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39.     The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

40.     At all times complained of, each of the defendants had an obligation to intervene and put a stop to the use of excessive force by their colleagues and each of them failed to do so despite having an opportunity to act.

41.     The acts and omissions complained of resulted in pain and injury to plaintiff.

42.     The acts and omissions complained of deprived plaintiff of his right to be free from excessive force.

### AS FOR A THIRD CAUSE OF ACTION
*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

43.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

44.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants.  The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

45.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

46.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and arrest power as described in this Complaint.

47.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful policies, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.


**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 11, 2026
        Brooklyn, NY

By:        _/s/Alexis G. Padilla_____
           Alexis G. Padilla, Esq. [AP7400]
           *Attorney for Plaintiff*
           *Dontayveus Thomas*
           378 Lewis Avenue #6
           Brooklyn, NY 11233
           Tel. (917) 238-2993
           alexpadilla722@gmail.com

7